First case of the morning calls 2-11 of 2-2-8, People, Illinois v. Sean Ramirez. On behalf of the Avalon, Mr. Mark Levine. On behalf of the state, Mr. Barry Kittles. Mr. Levine. Good morning, Your Honor. I am Mark Levine, the Office of the State Appellate Defender, representing the appellant, Sean Ramirez. The standard of review here is de novo. It's not abuse of discretion. Because the only question is whether it can be determined from the record that the weight placed on an improper sentencing factor, that is what the judge called his personal experience with Sean being a gang member all his life, was so insignificant that it didn't lead to a greater sentence. Counsel, as a threshold matter, why would the forfeiture rule apply here? Was there a contemporaneous objection to these remarks? Well, the judge made these remarks while he was imposing sentence. I don't know that the judge would have appreciated an objection while he was in the middle of imposing sentence. However, it was raised in the motion to reconsider the sentence. And, in fact, if the state had had evidence that Sean was, our position, as you know from reading the briefs, there's nothing in the record to show that Sean was, in fact, a gang member all his life or ever. Does it, for the court to consider gang evidence or the defendant's affiliation with a street gang, does he have to be a gang member all his life? Was it unreasonable for the court to infer from this conviction from 2009, for associating with street gang members, that he was, in fact, a street gang member? No, Your Honor, that was not a reasonable assumption. And he did say that you've been a gang member all your life. And that seemed to be, he seemed to emphasize that. The association with a street gang member, the reason that was an offense, is that it had been prohibited as a condition of his MSR. And when he was arrested, he was met with a man named Dale Johnson, who it seems was a gang member. Sean explained that he was a member of his family. He happened to be a gang member. I don't know beyond that. The record doesn't show beyond that. Why he was prohibited from associating with gang members is not in the record. He was prohibited from doing that. It could be that they just routinely check off that box, and it could be more than that. But we really can't infer anything from that. He was prohibited from associating with gang members, and he was with his cousin who was a member of a gang. Well, is that part of the argument, or is the argument that this knowledge is sort of what would be referred to as the or is the record, that there was nothing in this particular proceeding that established the defendant was a gang member? Is that part of the argument? That's the heart of my argument. The judge determined that from his personal experience with Sean. He said, I have personal experience with the defendant, with you. And you've mostly in juvenile court, he said, and you've been a gang member all your life, as far as I can tell. That's on, I think, 140 or 141 of the record. And that's the heart of the matter over here. There was nothing in this particular proceeding to establish that he was a gang member, but if the judge's knowledge emanates, let's say, from an earlier proceeding in which the judge does have evidence and does have personal knowledge that he was a gang member, why is that something the judge can't take into consideration? Two things. One, first of all, the judge could take judicial notice from an earlier proceeding. However, to do that, the cases, and discuss that in the brief, because that occurred to me the first one I started looking into this, that the, to take judicial notice, it should be of a specific thing, not just a general, on the case number of such and such, on such a date, and so on. Page 243 of the record says X, Y, Z. Here he said, mostly from juvenile court. There's no specific reference to what in juvenile court. And furthermore, he says, mostly from juvenile court. So what else? For his just life in Aurora, just knowing the guy? Now, it might seem that it's a good thing for a judge to have personal experience with a defendant in imposing a sentence, to be able to impose a better sentence, because he knows the guy. It might seem that way. It might seem that way in the same way that it would seem like a good thing to have witnesses to the crime serving on the jury. Wouldn't they be a big resource back in the jury room? They really know what's, they really know what happened out there. But we don't do it that way. Does your client deny that he's a gang member, or does he merely claim that there was nothing in the record that establishes that he was? My client doesn't say one way or the other about that. He said he was being threatened by a gang. Well, no, I'm sorry, he doesn't say that. He says he was being threatened by other inmates in the jail. He doesn't reference this as a gang thing. It could be that they were threatening him because he wouldn't join a gang. I don't know. It's not in the record, and that's the whole point. It's not in the record. When the remarks were made by the court, there was no correction offered by defense counsel, the defendant, or by the defendant, correct? It was raised in a motion to reconsider the sentence. And I think it's important to note that at the hearing on that motion, at that point, the state could have said, Of course he's a gang member. Everybody knows he's a gang member. And put on a police officer as an expert, as you well know, they do this all the time, to testify as an expert in gang membership at Aurora that Sean Ramirez has been a gang member all his life. They could have done that. It would have been easy to do it if it had been true. But they didn't. The sentence, your client was facing a substantial sentence. The sentence was well within the range, and he had been previously convicted of felonies, correct? His sentence was four years, which is double the minimum sentence of two years for this escape. And when you look at the nature of the offense, the reason it was an escape was it was a violation of one of the terms of his MSR. He had been told to go directly home from work and be there by 5 o'clock. Again, the question had to do with the range of penalties. What was he facing? He was facing a minimum of two years, and I think he would have been eligible for an extended term. Correct. He was facing an extended term because of his prior robbery conviction? I believe that's correct. Yes, Your Honor. So the sentence was well within the range. Oh, yes, it was well within. It was well within, but it was double the minimum. While the nature of the offense was a violation, not arguing a reasonable doubt here, he did violate the terms of his MSR by being six blocks off the most direct route home. But this was not the great escape. There's a problem with the idea that if you do not contend that he is not a gang member, how would the result be any different if, in fact, there was a hearing and it was determined that he was a gang member? In other words, there may be error, but how is it prejudicial if you do not contend, one way or the other, that you're not a gang member or that your client isn't a gang member? A sentence is supposed to be imposed based on what's in the record, and this is not in the record. If there had been a hearing and the State had put on the police evidence that I said they could have been true, then it would have been in the record. The fact that they didn't put on that evidence suggests that that evidence doesn't exist. But for our purposes here today, the whole point is it's not in the record, and therefore the judge could not rely upon it. So I understand the argument. Let me ask you the next question going forward. Yes. If the judge relies on an improper factor in sentencing, arguably, does that mandate automatic reversal in every case? No, Your Honor. If this Court, the law is pretty, the same language is cited in lots of cases. If this Court is able to determine from the record that the improper factor was insignificant in imposing the sentence, then reversal is not, remand is not required. Why wasn't it insignificant in this case? For two reasons. One, the disparity between the nature of the offense, it was a violation, but as I said, this is not the great escape. He was six blocks off the most direct route, and he still had 20 minutes to get home. All right, it was a violation, but nobody's harmed. The nature of this offense is pretty minimal. Well, he was on mandatory supervised release for a robbery. Yes, but there's no suggestion that he was doing anything bad at the time he was picked up other than walking on the street with his cousin who was a gang member. But there's no suggestion that they were doing anything bad. Was that robbery a plea agreement from an armed robbery? I'm sorry, Your Honor, I don't know the answer to that. But he was on MSR for the robbery. He was on MSR for the robbery, correct. And he, by being, not going directly home, by being a few blocks off his direct route, he was violating.  The disparity between the minimal nature of the violation and the prison sentence he got, four years in prison, even if he did have a substantial record, this is not among his greatest hits. Even though he did have a substantial record, four years is a long time for being six blocks off the most direct route. And when you couple that with the judge's repeated references to, and the way he said it, about the gang membership, he said, the judge said in imposing sentences, this was after the, Sean thanked him for getting him out of the Kane County Jail where he was being threatened. The judge said, I was more concerned with the safety of the employees of the jail. It's enough of a hell hole over there when you get gang members on a pod and they decide they're going to act like animals against one another. No employee should have to deal with that. He said, so that was really the motivating factor in ordering him to be housed in Kendall County, where he was less apt to engage in further criminal thuggery with other opposing gang members. And then, then he says, after another couple of sentences, he says, you've been a gang member all your life, as far as I can tell. And that's just a minute or so before he imposed the four-year sentence. And as I say, this was raised in a motion to reconsider where the defense said, there's no evidence that he was a gang member. At that point, the state could have put on plenty of evidence that he was a gang member if there had been such evidence. But they didn't. Counsel, did the defendant make any statements in elocution that could be considered to having given rise to the court sort of making invited comments on this issue? In elocution, no, Your Honor. In fact, I looked very, very carefully at that. He didn't. No. He thanked the court for moving him out of the jail to avoid conflicts with his rivals. No, he didn't say that. The reason they were threatening him. The court made a comment about gang membership and these individuals in the jail. Yes. He included your client among that group. Precisely. That was one of his references. And there was no evidence in the record that my client was a gang member. The reason they were threatening him, according to what we have in the record, is that he was set to testify against one of them for shooting at him. Now, was he shooting at him because he was a gang member? I don't know. Gang members shoot at lots of people who are not gang members. That's a big problem. Maybe he wouldn't join their gang. That's why they were shooting at him. I don't know. The point is it's not in the record. When they missed, they hit non-gang members. That, too. Well, it's well settled that the remedy for a judge imposing a sentence based on something that's not in the record, when you can't determine that it's insignificant in the sentence, is to remand for resentencing before a different judge. And that is what Sean Ramirez is asking for. Thank you, Your Honor. Thank you. You'll have an opportunity to make the butler. Thank you. Mr. Jacobs. Good morning, Your Honors. Good morning. I'm Barry Jacobs from the Office of the Appellate Prosecutor. On behalf of the people, may it please the Court and Counsel, I'd like to begin by saying that regardless of the standard of review in this case, abuse of discretion, which I believe is the appropriate standard, although de novo, because it is a question of law, may be considered. The fact is the defendant hasn't shown, by any circumstance, that the court considered an improper aggregating factor, some sort of gang involvement in aggravation of his sentence for escape. In fact, if you look at the court's initial comments, they are confined to, in the context of this aggravated battery, the court begins to respond, and all the court's comments following seem to be confined to the aggravated battery charge. I would submit that there is evidence based on the involvement on the pod and the names that were generated apparently came from somewhere. It's not in the record, but it's likely the defendant, if he didn't say he had been in contact with the court and made complaints about his treatment in the King County Jail, both a favor to protect on the part of the officers there and claimed that the state had deprived him of a plea deal on the escape charge. He also made references to being threatened because he was about to testify against perhaps one of these people. So are you taking issue with the source of his argument that the judge did not take knowledge of things that were outside the record? I would take issue with that. There is circumstantial evidence of the aggravated battery, which this judge was heard, accepted to plead guilty, did plead guilty to aggravated battery, and was sentencing him simultaneously on that charge. So his comments were prefaced by the fact that in the context, exactly where he escapes me, but basically in the context of the, he says in terms of the aggravated battery at the jail a month after the escape charge was lodged against him, everything that comes up in the context of his problems in the jail, and he names the names, that the court had personal experience with these people, and it's enough of a hell hole, I'm just jumping ahead, when gang members on a pod decide to, quote, act like they're animals and act out against each other. So I believe it's reasonable to argue that the judge was confining those comments to the aggravated battery charge, and I think further evidence of that comes forward. There was no objection to these comments, obviously, at sentencing. I'm sorry, I don't understand what you're saying. You're saying that the comments that the judge made related to an aggravated battery, but the comments that is in contention or are in contention relates to whether or not he's a gang member? Where is being a gang member an element of the aggravated battery? Is it a battery committed by a gang member? It was committed against another inmate in jail. It's one of the inmates that the judge identified as a name that apparently he had had experience with as a gang member. I'm simply arguing that the motion to reconsider on the escape charge only, we don't have the aggravated battery here, on the escape charge, the judge did say, and I'm going to quote it, he again confined his comments to the escape charge and said that, in his opinion, the sentence in the bottom half of the 2-10 year range was warrants to review the defendant's prior history, and this may not be a direct quote, the statutory factors and aggravation of litigation that were present said nothing about gang involvement, any type of activity. So I think we can surmise from that that the judge's comments initially at sentencing were confined to the aggravated battery. Well, was the motion to reconsider that was filed by the defendant specifically addressing the issue of whether or not the trial judge improperly considered gang membership? It's my recollection that that was the basis of the motion. Well, then, let's go to the motion to reconsider, and how does your argument stand up against the motion to reconsider? My argument is that it's further evidence that the court found, and he said, the only thing, in fact, that I considered was his lack of rehabilitative potential and the factors in aggravation and litigation. The defendant simply doesn't show that any gang involvement was considered an aggravation of the sentence for the escape charge. But the judge clarified in the motion to reconsider that that's what the judge had little or no weight. And the gang comments were in response to the defendant's thanking the trial court for moving him, correct? Correct. Was there a letter that was written to the court? Are you aware of what the communication between the defendant and the court was that prompted that movement? It's my recollection there wasn't anything in the record as far as a letter. But the court's comments indicate that there had been correspondence between the defendant and the court. Of course, the defendant was represented at all times by counsel, and counsel could have objected at the sentencing and subjected those comments to, I guess, more of an adversarial testing. But there simply wasn't any kind of objection or correction, it sounds like. Wouldn't it be a reasonable inference that the state should have known or would have known about that communication, at least through the jail personnel? It would be reasonable. Is the letter of record? Not to my recollection. I don't recall it. This case is unlike the cases that the defendant cited. The Ross case, the Zapata case, and the Dameron case, where really there was no meaningful significance attached to even considering it as part of the escape sentence. There's no meaningful significance attached to the gang involvement by the court rendering that four-year sentence. Furthermore, as I believe it was asked of counsel, what would be the remedy? Let me just ask you the second point. I agree. I think the case law is clearly versus not mandating every case if it appears that the court's consideration was insignificant and an improper factor. But isn't there, running through the judge's comments, sort of a disgust with gang activity that was his dominant theme? So how do we say it didn't have any bearing on anything? I would disagree with that construction of the comments. I don't believe that they indicate that it was a dominant theme. Whether or not there was gang involvement on the pod, the fact is the defendant who the escape charge was generated based on him violating his MSR. So he's in custody. And the fact is he's violent. He's broken someone's teeth and knocked them out. Whether or not that person was a gang member, the court certainly could have considered the defendant's conduct in terms of his rehabilitative potential in aggravation of the sentence. And that's what I argued in the initial brief, that the comments really, in context, show that he was evaluating the defendant's rehabilitative potential. He's not talking about the nature of the offense. And I think that counsel acknowledges that in his reply brief, that the court wasn't saying that the escape charge was the great escape. He was simply saying, based on this defendant's history, regardless of whether or not there was gang involvement, he's on MSR and commits this offense. He's violent on the pod for whatever reason. And he's, at this point, I think this was his eighth felony conviction. So he has very little rehabilitative potential. So your position, in essence, is the remarks taken in context, the position has to be, indicate the judge placed very little weight on his gang membership. Yes. To your knowledge, are there any delinquency proceedings in the lower court against this individual? There was reference, and I'm not certainly aware of the reference, but there was reference. It's also referenced in the appellant's brief that he had, he did have a delinquency proceeding. I cannot say how many or what they were for. Don't pre-sentence reports or sentence reports have indications of past histories? Yes, they do. And, of course, that was before the court, and so that certainly was evidence of any gang-type activity. But I can't say off the top of my head what those adjudications were for. As I said, the key inquiry here is whether or not any meaningful significance to the gang involvement was attached by the court. I submit that there is no evidence that the court attached meaningful significance to gang involvement in terms of this escape charge. There was, however, as I've also indicated, circumstantial evidence that this gentleman was a gang member. That was pretty much before the court in the context of the way he came to pick up the charge, as well as his behavior on the pot. It strikes me that if you were to testify against someone, I don't know why you'd have six or seven different people threatening you if you were testifying against one individual. I think that does show evidence of some sort of gang or membership. And I would again emphasize that the court found the defendant's behavior in jail and on MSR, deprecated probation, and warranted prison. The sentence that was imposed, as I've already acknowledged, was generous, given his criminal history, within two years at the minimum. Do you agree with Mr. Levine that if we remanded, it should go before a different judge? I certainly don't believe that that would impact the result, no. In summary, as I started, the defendant, I believe, fails to show that the court considered gang involvement an aggravation of that escape sentence. Thank you. Thank you. Mr. Levine? So the state appears to agree that the judge considered matters outside the record imposing the sentence, personal experience, this communication, whatever this is, it's not in the record and we have no idea what it says. Well, let's just say that there was some conversation between the defendant and the judge about matters concerning placement in some sort of detention facility. And based upon that conversation, there were comments made by the judge that indicated that he had knowledge of facts that weren't of the record, but they weren't necessarily issues or matters that weren't of record to the extent that your client raised the issue of his gratitude towards his placement. And the response by the trial court judge didn't come out of left field. It was in response to the statement. So I will agree with you that it is reasonable to say that whether or not your client is or is not a gang member or what duration might not be of record, but I don't think it's correct to say that what the court was talking about wasn't of record. What the court, what was of record, what my client was concerned about on the record was that he was being threatened by other inmates in the jail. And he said it was because he was going to testify against one of them who had shot at him. It did not say, he did not say these people are some of a gang that's opposing mine. He didn't say that. It's not, this is not in the record. What about the fact that counsel brought up that the court clarified this at the motion to reconsider? If you read the, what the judge said over there, I don't believe that he did clarify it. I think he reemphasized his concern about gang, about gang membership. And the judge could not, could hardly have been, couldn't have been much more emphatic about his disgust with gang. He said about acting like animals and his concern for the employees of the jail and so on. Of course, left out of all that was evidence that on the record that Sean was actually a member of a gang. We know on the record, we know from the record that he was being threatened by gang members. But gang members threatened, as you said, lots of people who were not gang members. No, that's what's so interesting. Wouldn't you, wouldn't we have expected that to be there if he had been a member of some gang? Wouldn't we have expected that to be in the pre-sentence report? But it wasn't. And when you couple that with the state not putting on evidence that he wasn't a gang, when this was raised in the, in the motion to reconsider, you got to wonder why. Why? That's not, that's not in the record that he was a gang member. You know, he's a Hispanic guy from Aurora and he's got a lot of criminal, he's got a long criminal record. So we can immediately, we jump to, oh, he must be in a gang. But if he were, it would have been easy to put on evidence of that. And we don't see it. What about counsel's comment that even without the gang membership, based upon his substantial criminal history, eight felonies at his age, the sentence was essentially a gift. It was only two years above the minimum. Well, two years above the minimum or twice the minimum, depending on how you want to look at it. But the question for our appeal, though, the question on appeal, we're not saying that this was an abuse of discretion. This is a de novo standard. The question is whether this court is able to find from the record that this gang membership was so insignificant that it didn't affect the sentence. The question is not whether the two-year sentence, I'm sorry, the four-year sentence was an abuse of discretion. That's not what we're arguing at all. What we're arguing is did, is it possible to say that gang membership, when the judge was so concerned about gang membership, that this didn't influence it? As counsel said, it wasn't the seriousness of the offense that brought on this sentence. It's his, as he said, what is it, the lack of rehabilitative potential. Well, having been a gang member all his life, if the judge thought he was a gang member all his life, it's hard to say that that was insignificant in the judge's determination about a lack of rehabilitative potential. Can't he say that just based on eight felonies in that short period of time? Well, maybe he could. And if the judge had said that, I wouldn't be here making this argument. Could he have been a member of one gang gang, or pardon me, a one-member gang? He sounds like he's in his own little crime wave. I'm not sure that comes within what we talk about. Because, look, conspiracy is considered more serious. When a couple of guys get together, they're more dangerous than what they do on their own. Did his sentence report indicate that he had been a juvenile delinquent or someone in juvenile delinquency? Yes, sir. His juvenile record goes back to age 12 or 13, where he began getting in trouble for truancy. There's no question that he had a very substantial criminal record. The only question is whether gang membership on top of that can be found on this record to be insignificant. So for that reason, he needs resentencing before a different judge. Thank you very much. Thank you. We'll take a short recess. There are other cases on the call.